After hearing argument, Chancellor Rutledge delivered the decree of the court.
In this case there are two questions,
ist. Whether the declaration made by the agent of complainant at the sale of the mills is variant from, or inconsistent with the terms of sale mentioned in the printed advertisement, and therefore defendant not obliged to accept titles containing such declaration ?
2d. Whether there is any deficiency in the quantity of marshland intended tobe sold, as specified in the advertisement f And if any, how much, and what abatement should be made in the purchase money ? With respect to the first point, it is a very plain one, and none but a person interested in the question could have any doub't upon it. Referring to the advertisement, it offers for sale, two complete tide saw-mills ; to each of which will be attached a certain quantity of high land and marsh land. Conditions, one third cash, and the remainder in one and two years, &c. Nothing more is said of the mills or terms of sale. On the day of sale, a plat of the land is shewn, *322 which is declared, nu u- be perfectly accurate, but intended only to give purchas. rs a general idea of the situation ^le Nnd. At the same time, and previous to the sale of the mills, it is publicly and repeatedly declared by the agents 0f complainant, and by the vendue master also, that the creek laid down on the plat is to be kept open for the mutual benefit of both the north and south mills. Thé court is of opinion that such declaration is not repugnant to, or inconsistent with the terms contained in the advertisement. It appears to be merely explanatory, and to obviate any doubts that might arise, whether the .purchaser of the south mill might not stop the creek, if he thought fit to bank in his marsh land, which would in that case effectually ruin the north mill as a tide mill, or put the owner of it to very great expense and trouble to cut a canal through the marsh to enable him to work his mill. That the declaration was publicly, loudly, and repeatedly made, has been proved by a number of witnesses ; and Mr. W. Í). the agent of complainant, who made the declaration, has positively sworn that’he mentioned it to defendant himself previous to the sale. Although the defendant has sworn he did not hear the declaration till after the sale, ánd several witnesses have sworn they did not,hear it at all, and although they may all be persons of equal respectability and veracity, yet the court in weighing evidence, are bound to give more credit to those who swear positively to facts, than to mere negative testimony.
Upon this point, we are of opinion that it was a very prudent precaution on the part of complainant to make the declaration, and also to insert it in the titles, which, may be the means of preventing numerous law suits at a future day, when the witnesses to the transaction may perhaps not be in existence.
It is therefore ordered and decreed, that the defendant do accept the titles from complainant containing the restrictive clause above mentioned; and as there are upwards of two thirds of the purchase money now due, that the defendant do forthwith pay the same to the complain- *323 $nt, togeíh.-í -vuh interest thereon from the day of December, 1303 — and also give his bond to the complainant for the remaining third psyt of the purchase money agreeable to the conditions of the sale. As to the second , , . . . ,. . , point, the court thmk it necessary to refer it to the master : for the quantity of marsh land deficient, (if there is any) is so small, that the purchase cannot be much deteriorated in value — and if it really is an object with the defendant, he can have it set off by way of discount to the bond he is to give complainant, if he should think proper on that account to withhold payment of if when due.
Costs to be paid by the defendant.